**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DMYTRO YENIKIEIEV, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: _______<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Dmytro Yenikieiev ("Plaintiff"), through his attorneys, respectfully alleges as follows:

## INTRODUCTION

1. This is a consumer class action based upon the violations by Defendant Experian Information Solutions, Inc., ("Defendant") of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Defendant is a consumer reporting agency ("CRA") under the FCRA. Defendant frequently violates the FCRA, and harms victims of identity theft in the process, by failing to comply with the FCRA requirements to block the reporting of fraudulent information on credit reports

whenever Defendant is presented with an identity theft report, in violation of 15 U.S.C. § 1681c-2.

2. Within the two years prior to the filing of this lawsuit, individuals who were the victims of identity theft and requested that Defendant block inaccurate and fraudulent information related to the identity theft have been similarly aggrieved by the same violations of 15 U.S.C. § 1681c-2. Victims of identity theft take the time and effort to obtain police reports and/or FTC identity theft reports to send to Defendant with the expectation that Defendant will follow the law and block the fraudulent accounts identified in the reports. Defendant's refusal to follow the law and block the fraud accounts as it is required to do harms these consumers and victims of fraud.

3. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and a class of similarly situated consumers affected by Defendant's failure to comply with FCRA section 1681c-2's identity theft blocking requirements.

## PARTIES

4. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), and resides in St. Cloud, Florida.

5. Defendant is a "person," and a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and 1681a(f), respectively. Defendant prepares

and sells "consumer reports" within the meaning of 15 U.S.C. § 1681a(d). Defendant is registered to do business in this District and regularly does business in this District.

6. Defendant may be served via its registered agent, CT Corporation System located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims are brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business within this District and is otherwise subject to personal jurisdiction in this District.

## FACTS

### *Defendant's Practices*

9. Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

10. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually. Defendant sells such credit reports for profit.

11. Defendant is regulated by the FCRA.

12. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that

utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

13. The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

14. Prior to the 2003 amendments, victims of identity theft were afforded no additional protections under the FCRA. As such, consumer reporting agencies, such as Defendant, were under no additional obligation to treat an identity theft claim any differently than a regular dispute.

15. The 2003 amendments made it easier for identity theft victims to get information resulting from identity theft removed from their credit reports. By enacting 15 U.S.C. § 1681c-2(a), Congress required CRAs to block the reporting of any information in the file of a consumer that the consumer identifies as resulting from identity theft no later than 4 business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report, (3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

16. The ability to obtain such a "block" of fraudulent and inaccurate information is especially important to consumers because once a block is in place,

the account is permanently removed from the consumer's credit report and creditors are prohibited from sending the blocked account to collections. *See* 15 U.S.C. § 1681m(f).

17. A regular consumer dispute (where no claim of identity theft is made), on the other hand, can at best result only in the "deletion" of an account, which removes the account from the consumer's credit report but allows the creditor to continue with collections unabated. *See* 15 U.S.C. § 1681i. Moreover, regular consumer disputes can take up to 30-45 days to process. *Id.*

18. A CRA may decline to "block" information only if the CRA reasonably determines that the consumer's request is based on a material misrepresentation, made in error, or that the consumer obtained possession of the goods, services, or money at issue in the transaction(s). *See* 15 U.S.C. § 1681c-2(c)(1).

19. In the absence of such a determination of material misrepresentation, error, or receipt of goods, a CRA cannot decline a request to block without first requesting additional information from the consumer for the purpose of determining the validity of the alleged identity theft. *See* 12 C.F.R. § 1022.3(i)(1)(iii)(A).

20. If a block is declined, the CRA must then notify the consumer in writing of the business name and address of any furnisher of information that it contacted upon receiving the identity theft report and that the consumer has a right to add a

statement to the file disputing the accuracy or completeness of the disputed information. *See* 15 U.S.C. §§ 1681c-2(c)(2) and 1681i(a)(5)(B).

21. "[I]f a CRA receives a police report containing detailed information as well as the signature, badge number, or other identifying information for the officer taking the report, it is not reasonable for the CRA to request additional information without 'an identifiable concern,' such as an indication that the report was fraudulent." *Osada v. Experian Info. Solutions, Inc.*, No. 11-C-2856, 2012 WL 1050067, at *3 (N.D. Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.3(c)(1) (renumbered at 12 C.F.R. § 1022.3(i)(3)(i)).

22. Despite the FCRA's requirements, Defendant regularly declines to block the reporting of fraudulent information by wrongfully rejecting identity theft reports outright and relying instead on the same verification procedures it uses for regular disputes.

23. In violation of the FCRA, Defendant willfully and negligently declines to block the reporting of information that consumers allege to have resulted from identity theft in violation of 15 U.S.C. § 1681c-2(a) despite its receipt of all required documentation from the consumers and victims of identity theft.

24. The plain language of Section 1681c-2 is clear and Defendant is on notice of its requirements, both from guidance from the Federal Trade Commission and prior court decisions such as *Osada*, *supra*.

25. According to standardized policies and procedures, Defendant willfully treats valid identity theft block requests in a manner that deprives consumers of their rights under the FCRA.

26. For any identity theft claims Defendant deems to be lacking in information, Defendant willfully—and according to standardized policies and procedures—declines to block the reporting of the fraudulent information outright rather than requesting additional information or documentation directly from the consumer as required by 12 C.F.R. § 1022.3(i).

*Facts Pertaining to Class Representative Plaintiff Dmytro Yenikieiev*

27. Plaintiff is a victim of identity theft. A person used Plaintiff's personally identifiable information ("PII") without his knowledge to create several credit card accounts in Plaintiff's name (the "Accounts").

28. Plaintiff, concerned about the possibility of further ramifications of identity theft, filled out a police report with his local police department, the Osceola County (Florida) Sheriff's Office, on December 16, 2024.

29. Plaintiff returned to the Osceola County Sheriff's Office on December 6, 2025 and filed a second police report.

30. In December of 2025, worried about the identity theft incident pertaining to the fraud Accounts, Plaintiff reviewed his Experian credit report and saw that Defendant was reporting several of the fraud Accounts on his credit report.

31. Plaintiff then wrote a letter to Defendant in Allen, Texas, dated December 22, 2025. This letter detailed the fraud Accounts, unauthorized hard inquiries, unauthorized soft inquiries, and incorrect addresses for Plaintiff that Defendant was reporting. He included copies of his identifying information and proof of residence, a list of disputed items, and both police reports Plaintiff had made with the Osceola County Sheriff's Office. The documents he provided in this correspondence met the requirements of 15 U.S.C. § 1681c-2(a)(1)-(4).

32. On January 7, 2026, Defendant replied to Plaintiff with a form email letter response (hereafter, the "Letter", a copy of which is attached hereto as Exhibit A) stating:

> We are responding to your request that information in your personal credit report be blocked due to identity theft. Based on our review of your request and the information available to us, we have determined that either:
>
> - your request to block was made in error,
> - or, your request to block information was based on a material misrepresentation,
> - or, you knowingly obtained or should have known that you obtained possession of goods, services, or moneys as a result of one or more of the transactions that you are seeking to block.
>
> Therefore, we are declining your request to block one or more of the items of information.

33. Plaintiff, like the other members of the Class, complied with all of 15 U.S.C. § 1681c-2(a), including all of the information required by 15 U.S.C. § 1681c-2(a)(1)-(4). The plain language of this section of the statute required Defendant to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of [the requirements of 15 U.S.C. § 1681c-2(a)(1)-(4)]."

34. Instead of complying with the statute and blocking the information on Plaintiff's report stemming from identity theft, Defendant undertook no investigation at all and declined to block the information under the provisions of 15 U.S.C. § 1681c-2(c)(1) without any evidence whatsoever. However, Section 1682c-2(c)(1) states that a consumer reporting agency may decline to block only if it:

> *reasonably determines* that – (A) the information was blocked in error or a block was requested by the consumer in error; (B) the information was blocked, or a block was requested by the consumer, on the basis of a material misrepresentation of fact by the consumer relevant to the request to block; or (C) the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions."

(emphasis added).

35. It is telling that Defendant's Letter mentions all three possibilities considered by Section 1682c-2(c)(1). This boilerplate recitation of all potential

statutory exceptions illustrates how Defendant simply refused the blocking request, based on no evidence of consumer error, material misrepresentation, or of the consumer receiving the goods or services at issue. Indeed, the use of the conjunction "and/or" in Defendant's Letter makes it plain that Defendant made no determination at all, because it is impossible for Defendant to have determined both that Plaintiff made the blocking request "in error" "and" also that he allegedly obtained possession of the good or services at issue. Therefore, there was no *reasonable determination* as required by the language in this section.

36. The Letter did not explain why Defendant believed the identity theft report to be invalid nor did it request any specific additional information from Plaintiff. Rather, it acknowledges receiving a "request to block items on your [his] personal credit report due to alleged identity theft" made by Plaintiff to Defendant.

37. The Letter did not contain any notice of the business name and address of any furnisher of information that Defendant contacted upon receiving Plaintiff's identity theft report nor did Defendant provide such notice to Plaintiff within five (5) business days thereafter.

38. The Letter specifically references "Section 605B of the FCRA" (Section 605B is codified as 15 U.S.C. § 1681c-2). Furthermore, it contains language directly mimicking the requirements of 15 U.S.C. § 1681c-2(c)(1)(A)-(C). Therefore, Defendant admits by the content of the Letter that Plaintiff's dispute is a

request to block under 15 U.S.C. § 1681c-2 and not some other type of dispute of information appearing on his credit report.

39. Rather than block the fraudulent information or request specific additional information from Plaintiff, Defendant disregarded its obligations under the FCRA by (presumably) merely seeking verification of the disputed accounts from the furnishers of that credit information, and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of 15 U.S.C. § 1681c-2.

40. Defendant is falsely reporting the Accounts to various creditors that Plaintiff did not open or have knowledge of opening as well as the incorrect addresses, unauthorized hard inquiries, and unauthorized soft inquiries on Plaintiff's credit report ("Inaccurate Information").

41. As specified in his police report, Plaintiff is not the owner of the Accounts.

42. The Inaccurate Information negatively reflects upon the Plaintiff.

43. Defendant has been reporting the information about Plaintiff through the issuance of consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown, within the two years prior to this lawsuit.

44. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

45. Despite Plaintiff's efforts, Defendant has not made any reasonable determinations that support its decision to decline Plaintiff's blocking request.

46. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently failed to block the fraudulent information, failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

47. As a result of Defendant's conduct, Plaintiff and the Class suffered injury and damages in the form of lost credit opportunities, harm to credit reputation and credit score, and waste of time and resources.

48. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

49. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of one or more Classes of similarly situated consumers.

51. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant receives and processes thousands of requests to block fraudulent information along with identity theft reports each year, and Defendant maintains the names and addresses of the persons making those requests. Plaintiff is unable to determine the precise number of persons in the Class until it obtains such information in discovery from Defendant.

52. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a) Whether Defendant's failure to block information alleged to result from identity theft was lawful;

b) Whether Defendant had reasonably determined that it could refuse to block certain information under 15 U.S.C. § 1681c-2(c) or if it

c) instead refused to block information based on an automatic determination without any investigation at all; and,

d) Whether Defendant must specify the particular information it believes to be lacking when it requests additional information from a person making a claim of identity theft.

53. **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

54. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

55. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive

damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

**COUNT ONE**
***Class Claim – Failure to Block Fraudulent Information***
***Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681c-2***

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

57. Defendant willfully and negligently failed to comply with the FCRA, Section 1681c-2(a) by failing to block information alleged by consumers to result from identity theft despite receiving all documentation required by Section 1681c-2(a).

58. Plaintiff brings his First Claim for Relief against Defendant on behalf of the following class:

> All consumers in the United States and its Territories to whom Defendant sent a Letter, similar in form to the one it sent to Plaintiff on January 7, 2026, from two years before filing of the Complaint until the date of any class certification Order in this matter.
>
> Excluded from the class are: (1) consumers for whom Defendant possesses a record that (A) the block was requested by the consumer in error, (B) the block was requested by the consumer on the basis of a material misrepresentation of fact by the consumer relevant to the request to block, or (C) the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions; and (2) any judges assigned to this matter, or lawyers working on the same, or any of Defendant's officers.

59. Plaintiff and Class Members seek actual damages, statutory damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and o.

## COUNT TWO
### *Individual Claim for Plaintiff Dmytro Yenikieiev – Inaccurate Reinvestigation Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)*

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

62. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

63. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

64. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i(a).

65. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff, including emotional distress and reputational harm, and, as a result, Defendant is liable to the Plaintiff individually for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorneys' fees and costs; and,

E. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: March 11, 2026.

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman
ND Ohio No. FL 132896
E-mail: seth@lehrmanlaw.com
**LEHRMAN LAW**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: 754-778-9660

John A. Love
ND Ohio No. GA459155
E-mail: tlove@loveconsumerlaw.com
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: 404-855-3600
Facsimile: 404-301-2300

*Counsel for Plaintiff*